IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE McCOY ) | |
| ) | Case No: |
| Plaintiff, ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| WELTMAN, WEINBERG & REIS, CO., ) | |
| L.P.A. ) | |
| Defendant. ) | |

COMPLAINT

INTRODUCTION

1.      Defendant Weltman, Weinberg & Reis, Co., L.P.A. ("Weltman") is an organization providing collection services and legal representation to creditors.

2.      Defendant engages in unlawful and abusive acts toward Plaintiff, including: 1) false threats 2) false threats of suit, 3) threatening suit in a time barred debt, 4) false threat of wage garnishment, 5) false and deceptive threat of placing a lien on Plaintiff's home, and 6) engaging in false, abusive and misleading statements, all in an attempt to collect a debt. Defendant's conduct is part of a pattern and practice of unlawful collection abuse thereby warranting punitive damages.

3.      In enacting the Fair Debt Collection Practices Act in 1978, the U.S.Congress found:

> [t]here is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of personal privacy.  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.  Means other than misrepresentation or abusive debt collection practices are available for the effective collection of debts.  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.  It is the purpose of this subchapter to eliminate

abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse.

15 U.S.C. § 1692a.

4.      Defendant's unlawful collection practices caused Plaintiff to suffer emotional distress in the form of fear, anxiety, stress, humiliation, uncontrollable shaking, crying, amongst other negative emotions.

5.      Plaintiff brings this action for statutory, actual and punitive damages against Defendant, pursuant to federal debt collection law and related common law claims, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION

6.      The Court has jurisdiction.  28 U.S.C. §1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1367.

## PARTIES

7.      Anne F. McCoy lives in Allegheny County, Pennsylvania.

8.      McCoy defaulted on a personal credit card more than four (4) years ago.

9.      McCoy used the card for personal purposes.

10.     McCoy suffers from bi-polar disorder.  She is more vulnerable than other members of the public to Defendant's unlawful conduct because of her mental condition and suffered emotional damage from the Defendant's conduct.

11.     Weltman is a law firm with an office in Columbus, Ohio.

12.     Weltman is a debt collector within the FDCPA.

13.     Weltman engaged in, approved of, and/or ratified the illegal conduct described herein.

14. Weltman's employees and/or agents were acting in the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of Weltman.

## FACTS

15. A debt collector employed by Weltman threatened to put a lien on McCoy's property and garnish her wages in a telephone conversation that took place in August 2009.

16. It is illegal for a debt collector to garnish wages in the Commonwealth of Pennsylvania.

17. It is deceptive for a debt collector to threaten a consumer with post-judgment remedies prior to the entry of a judgment.

18. During this phone conversation the collector told McCoy her client would bring suit against her.

19. McCoy's debt is time-barred.

20. It is illegal for the collector to threaten suit on a time barred debt.

21. When the collector asked McCoy how she got into the position of owing a debt, McCoy explained she was bipolar. The collector laughed and insinuated that McCoy was using bipolar as an excuse to get out of paying her debt.

22. The collector told McCoy you can't keep using your illness as an excuse to get out of your responsibilities.

23. The debt collector threatened McCoy, "Make no mistake, we will get this money from you."

24. McCoy was crying during the phone call. The phone call ends and McCoy is still crying and shaking. She was upset and in a panic.

25. McCoy, shortly after the phone call, phoned Mon Yough Community Services' crisis hotline.

26. McCoy didn't feel capable of doing anything after the phone call with the collector. She ended up going to sleep early.

27. McCoy had a subsequent conversation with another debt collector employed by Weltman. The debt collector told McCoy his client was ready to move forward with the matter if McCoy did not make a substantial payment.

28. Weltman left voice mail messages.

29. Each telephone message is a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e. *Foti v. NCO Financial Systems*, 424 F. Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp.2d 1104, 1112, 1118 (C.D. Cal. 2005); *Joseph v. J.J. MacIntyre Cos.*, 281 F. Supp. 2d 1156 (N.D. Cal. 2003); *Stinson v. Asset Acceptance, LLC*, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va. June 12, 2006); *Belin v. Litton Loan Servicing, LP*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. July 14, 2006).

30. The messages did not contain the warning required by 15 U.S.C. §1692e(11).

## COUNT I

Fair Debt Collection Practices Act

31. McCoy repeats, re-alleges and incorporates by reference all other paragraphs.

32. In its collection efforts, Weltman violated the FDCPA, *inter-alia*, §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692e(11) and 1692f

33. As a result of Weltman's illegal collection activity, McCoy suffered emotional distress in the form of fear, anxiety, stress, humiliation, uncontrollable shaking, crying, amongst other negative emotions.

34.     McCoy is entitled to recover statutory damages in the amount of $1,000, actual damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k *et seq*.

## COUNT II

Invasion of Privacy By Intrusion Upon Seclusion

35.     McCoy repeats, re-alleges and incorporates by reference all other paragraphs.

36.     McCoy had a reasonable expectation of privacy in her solitude, seclusion, private affairs and concerns.

37.     Weltman intentionally intruded in Plaintiff's privacy by, among other things, unlawfully attempting to collect a debt from Plaintiff, threatening suit on a time barred debt, threatening wage garnishment, making threats designed to intimidate and scare Plaintiff, and making derogatory comments towards Plaintiff regarding her bi-polar disorder.

38.     Weltman's intrusion would be highly offensive to a reasonable person.

39.     McCoy was harmed by Weltman's conduct including harm to her interest in privacy and emotional distress as a result of the invasion of her privacy.

40.     Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invading, and intruding upon Plaintiff's right to privacy.

41.     Weltman's conduct was a substantial factor in causing McCoy's harm.

42.     The actions taken by Defendant indicate a willingness to execute, maintain, and pursue improper business practices regardless of the age of the debt.

43.     Weltman's conduct as detailed above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## COUNT III

### Negligence Per Se

44. McCoy repeats, re-alleges and incorporates by reference all other paragraphs.

45. Weltman violated two statutes, namely the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

46. Weltman's violation proximately caused injury to McCoy.

47. McCoy's injury resulted from an occurrence the nature of which the statutes were designed to prevent.

48. McCoy is one of the class of persons for whose protection the statutes were adopted.

49. Weltman's conduct as detailed above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## COUNT IV

### Negligence

50. McCoy repeats, re-alleges and incorporates by reference all other paragraphs.

51. Defendant was negligent in its collection of the alleged debt.

52. Plaintiff was harmed and suffered injury as described above.

53. Defendant's negligence was a substantial factor in causing Plaintiff's harm.

54. The Defendant had a duty to ensure that its collection actions were legal.

55. Defendant was negligent for one of the following errors or omissions: failure to use reasonable care in administering accounts and debt collection activities, threatening suit on a time barred debt when it knew, or should have known that the debt was time barred, threatening

to garnish Plaintiff's wages when it knew or should have known that wage garnishment is illegal in Pennsylvania.

56. Weltman's conduct as detailed above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## COUNT V

### Negligent Training and Supervision

57. McCoy repeats, re-alleges and incorporates by reference all other paragraphs.

58. Defendant's actions and omissions constitute negligence in that Defendant owed Plaintiff a duty to train, and/or supervise its employees properly, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

59. Plaintiff suffered damages as described above due to Defendant's actions.

60. Weltman's conduct as detailed above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Anne McCoy respectfully requests the following relief from Defendant:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Reasonable attorney's fees;

e. Costs; and

f. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

JEFFREY L. SUHER, P.C.


/s/ Jeffrey L. Suher
Jeffrey L. Suher, Esquire
Pa. I.D. # 74924
4328 Old Wm Penn Hwy, Ste 2J
Monroeville, PA 15146
412-374-9005
412-374-0799 (fax)
lawfirm@jeffcanhelp.com